

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Wm. Yelderman
Acting County Attorney
Travis County
Austin, Texas

Dear Sir:　　　　　Opinion No. O-6210
　　　　　　　　　Re: Authority of City of Austin
　　　　　　　　　　　to acquire by purchase or
　　　　　　　　　　　condemnation more than 640
　　　　　　　　　　　acres of land outside the
　　　　　　　　　　　City limits for parks and
　　　　　　　　　　　play grounds.

　　　　　We have your opinion request on the above
question and note that your interest in the question, as
Acting County Attorney, as stated by you, is that addi-
tional acquisitions of land by the City of Austin outside
the city limits will affect the tax revenues of the county,
You ask in your opinion request the following questions:

　　　　　"1.　Does Article 6081-B prohibit
any governing body of any incorporated city
from acquiring, for the purpose of parks and
play grounds, acreage in excess of 640 acres
outside of its city limits, by purchase or
condemnation?

　　　　　"2.　Does Article 6081-D prohibit
any governing body of any incorporated city
from acquiring, for the purpose of parks and
play grounds, acreage in excess of 640 acres
outside of its city limits, by purchase or
condemnation?

　　　　　"3.　Do these articles mean that the
governing body of any incorporated city may own
and hold more than 640 acres outside of the
city limits, to be used for the purpose of
parks and play grounds, but that they can never

acquire more than 640 acres at any one time, by purchase or condemnation?

"4. Do Articles 6081-B and 6081-D limit the rights conferred upon Home Rule cities by Article 1175, Section 15, with reference to acquiring property outside of the city limits for parks and playgrounds?"

The answer to your first question is that Article 6081b, Vernon's Annotated Civil Statutes, is a bracket law applicable only to cities of a certain population by the 1920 census. Austin does not come within the classification because it had less than 43,000 inhabitants by the 1920 census. Therefore, the answer to your question is no.

Article 6081d, Vernon'S Annotated Civil Statutes, which you inquire about in your second question, contains provisions which are similar to those contained in Article 6081b, except that it is not a bracket law. Section 1 of that article provides:

"Sec. 1. That the governing body of any incorporated city in this State may receive and hold through gift or under dedication, and is hereby empowered to condemn or to purchase lands without its territorial limits and within the county in which such city is situated for the purpose of establishing and maintaining thereon public recreational parks and playgrounds, either or both, no one of such parks or playgrounds which may be acquired by purchase or through condemnation to exceed 320 acres in area and the total acreage outside of the limits of the city which may be acquired by purchase and through condemnation proceedings, either or both, shall not exceed 640 acres."

Section 6 of Article 6081d limits the application of Section 1 to those cities that do not have contrary provisions in their charters. Section 6 provides:

"Nothing herein contained shall be construed as repealing any provisions of any special charter of any incorporated city, but

Hon. Wm. Yelderman - Page 3

the powers, terms and provisions hereof shall
exist as alternative powers, terms and provisions
of any such special charter and any city which
shall hereafter adopt or amend its own charter
under the terms of the Home Rule provisions of
the Constitution may provide in any such charter
or amendments thereto provisions on the subject
covered hereby other than and differing from those
herein provided."

Section 1 of Article XXVI of the charter of the
City of Austin (1938) authorizes the City Council to acquire
land outside the city limits for parks and playgrounds, as
follows:

"The City Council shall have power
to acquire land inside or outside of the cor-
porate boundaries of the City of Austin, by
purchase or condemnation, for the purpose of
establishing or enlarging any park, parkway or
playground, and to improve, equip, maintain
and regulate the use of game, and the applica-
ble provisions of the laws of the State of Texas
relating to eminent domain are adopted and made
a part of this Article and shall apply in con-
demnation proceedings hereunder, but the City
of Austin shall not be required to execute the
bond referred to in said laws."

Article 6081d, therefore, does not limit the
amount of land which the City of Austin may acquire by con-
demnation and purchase outside the city limits for parks
and playgrounds under Article XXVI of the City Charter. This
is a special charter and it is not repealed by Article 6081d.
Also, Austin is a Home Rule City and it is expressly authorized
by Section 6 of Article 6081d to "provide in any such charter
or amendments thereto provisions on the subject covered hereby
other than and differing from those herein provided." We,
therefore, answer your second question no.

In view of our answers to your first two questions,
it becomes unnecessary to answer your third question.

Your Question No. 4 is an abstract question as
far as the City of Austin is concerned. Article 6081b, in

Section 6 and Article 6081d, in Section 6 (copied above) each provide that "nothing contained in this act shall be construed as repealing any provisions of any special charter of any incorporated city." The City of Austin has in Article XXVI a special provision on parks and playgrounds which gives it greater powers than Article 6081d. It is true that Section 15 of Article 1175, Revised Civil Statutes, 1925, confers the same powers on the City of Austin as to acquiring parks and playgrounds outside the city limits as does Article XXVI of the City Charter. It is not necessary, however, to pass on whether Article 6081d limits the powers conferred on Home Rule Cities by Section 15 of Article 1175 because Article 6081d, by its own provisions, is not applicable to cities like Austin which have a special charter provision on the subject of parks and playgrounds which is other than and differs from Article 6081d. We, accordingly, find no necessity for answering your fourth question.

Trusting that the foregoing gives you the information desired, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

NOV 1, 1944

ATTORNEY GENERAL OF TEXAS

By Fagan Dickson
Fagan Dickson
Assistant

FD:BT



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN